NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LUIS B. QUESADA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2023-1904

_____

Petition for review of the Merit Systems Protection Board in No. DC-0831-19-0488-I-1.

_____

Decided:  April 4, 2024

_____

LUIS BRIGIDO QUESADA, SR., Lima, Peru, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

_____

Before LOURIE, DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Former USAID employee Luis B. Quesada filed an appeal to the United States Merit Systems Protection Board ("the Board") from an Office of Personnel Management ("OPM") decision in 2009 confirming the accuracy of the amount of his civil service retirement annuity. The Board found that Quesada had failed to timely seek reconsideration of the OPM decision, and thus affirmed the OPM decision. *Quesada v. Off. of Pers. Mgmt.*, MSPB Docket No. DC-0831-19-0488-I-1, Initial Decision (M.S.P.B. May 28, 2019), S.A.[1] 1–8 ("*Decision*"). For the reasons provided below, we *affirm*.

## BACKGROUND

Quesada was a USAID-Peru employee from May 16, 1966 through March 3, 1972 when he was terminated due to a reduction in force. S.A. 9–10. Quesada began to receive federal retirement annuity benefits in 2008. S.A. 11–15. On May 28, 2009, in response to an inquiry from Quesada, OPM issued an initial decision confirming its computation of his civil service retirement annuity. S.A. 16–19. The letter informed Quesada that (a) if he believed the calculation was incorrect, he should contact USAID to correct his employment records, and (b) he could seek reconsideration of OPM's decision within 30 days. *Id.*; 5 C.F.R. § 831.109(e)(1).

On June 26, 2009, OPM received a letter from Quesada requesting an unspecified amount of additional time to seek reconsideration while he worked to obtain information from USAID. S.A. 20. Quesada and USAID communicated regarding his employment records between 2009 and 2012. *See, e.g.*, S.A. 21–22. On January 25, 2012, USAID informed Quesada that it had searched its records but was unable to substantiate the figures Quesada had cited in his

---

[1] "S.A." refers to the supplemental appendix filed concurrently with the government's informal responsive brief.

communications. S.A. 22. It also explained that he had failed to timely request reconsideration of OPM's decision and, if he still sought reconsideration, would need to explain his delay in filing. *Id.*

On January 30, 2012, Quesada sent a letter to OPM again requesting an unspecified amount of additional time to seek reconsideration while he communicated with USAID concerning changing his employment records. S.A. 23. In November 2017, OPM sent a letter to Quesada informing him that the letter constituted OPM's final decision upholding the May 2009 annuity calculation because Quesada had not requested reconsideration of said decision and denying any additional extension of time. S.A. 24. On January 25, 2018, Quesada responded to the letter, requesting reconsideration of the May 2009 initial decision. S.A. 25–26. OPM responded in October 2018, explaining that Quesada had failed to request reconsideration in a timely manner and pointing out that he had not submitted any additional information in the over nine years that had passed since the initial decision. S.A. 27.

On May 6, 2019, Quesada appealed to the Board. He argued that OPM had miscalculated his retirement annuity amount. S.A. 28–32. He acknowledged that he had not sought reconsideration within 30 days of the May 28, 2009 letter, but argued that the delay should have been excused because it was due to his inability to obtain information from USAID. S.A. 41–51. OPM responded, requesting that the Board dismiss the appeal because Quesada's request for reconsideration was untimely. S.A. 33. According to OPM, in June 2009, Quesada had timely requested a 30-day extension to respond to the May 2009 letter, making his request for reconsideration due by July 30, 2009. *Id.* However, argued OPM, he did not request reconsideration until January 25, 2018. *Id.*

The Board found that Quesada's request for reconsideration was untimely. *Decision* at S.A. 4. It explained that

a request for reconsideration must be received by OPM within 30 calendar days from the date of OPM's initial decision, but that that time limit may be extended when an individual shows (a) that he was not notified of the time limit and was not otherwise aware of it, or (b) that circumstances beyond his control prevented him from making a request within the time limit. *Id.* at 4–5 (citing 5 C.F.R. § 831.109(e)). The Board stated that it could reverse an OPM final decision denying a waiver of the time limit only if OPM's denial was unreasonable or an abuse of discretion. *Id.* at S.A. 5 (citing *Meister v. Office of Personnel Management*, 52 M.S.P.R. 508, 513 (M.S.P.B. Jan. 28, 1992)). And the appellant has the burden of proving by a preponderance of the evidence that his request for reconsideration or waiver was timely or that OPM should have extended the time limit. *Id.* (citing 5 C.F.R. § 1201.56; *Sanderson v. Office of Personnel Management*, 72 M.S.P.R. 311, 317 (M.S.P.B. Nov. 15, 1996), *aff'd without opinion*, 129 F.3d 134 (Fed. Cir. 1997)).

The Board found that Quesada had failed to show that OPM erred in not waiving the time for him to seek reconsideration. *Decision* at S.A. 5. The Board noted that both OPM and USAID had notified him of the need to timely file a request for reconsideration. *Id.* (citing S.A. 17, 22). In his letters to OPM requesting additional time, the Board found that Quesada had stated that he was unable to request reconsideration because he did not have any additional evidence that OPM sought. It concluded that that explanation showed that Quesada "failed to request reconsideration, not because of circumstances beyond his control, but because he did not have sufficient evidence to establish his claim." *Id.* at S.A. 6. It therefore found that OPM's decision not to waive the time limit for requesting reconsideration was not unreasonable or an abuse of discretion, thus affirming its final decision. *Id.* It went on to conclude that, even had Quesada timely requested

reconsideration, the OPM decision should be affirmed on the merits. *Id.* at S.A. 6–7.

Quesada appeals. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a decision from the Board unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

A request for reconsideration of an OPM decision must be received by OPM within 30 calendar days of the original decision. 5 C.F.R. § 831.109(e)(1). That time limit may be extended when an individual shows (a) "that he/she was not notified of the time limit and was not otherwise aware of it," or (b) "that he/she was prevented by circumstances beyond his/her control from making the request within the time limit." 5 C.F.R. § 831.109(e)(2).

There is no dispute that OPM did not receive a request for reconsideration from Quesada within 30 days of the original decision. Indeed, it did not receive a request for reconsideration until January 25, 2018, almost a decade after the deadline had passed. S.A. 25–26. Quesada does not contest that he was notified of the time limit, which is evidenced through letters from both OPM and USAID, as well as his own request for extension of the time limit. S.A. 16–19, 20, 22. Thus, in order to prevail, Quesada had the burden to show that circumstances prevented him from making a timely request for reconsideration.

On appeal, Quesada does not appear to address OPM's denial of his reconsideration request or the Board's upholding of that denial. But given that Quesada is appearing *pro se*, we still opt to consider his argument before the Board

that circumstances beyond his control prevented him from making a request within the time limit.

However, as the Board found, the evidence shows that Quesada failed to timely request reconsideration not because he was waiting for information from USAID, but "because he did not have sufficient evidence to establish his claim." *Decision* at S.A. 6; *see also* S.A. 41 (Quesada asserting that he did not timely submit his request for reconsideration "because USAID refused to acknowledge that its report sent to OPM was not truthful, proportional, logical, or reasonable"). That is consistent with the record. Despite an "extensive search" by USAID, it informed Quesada that it was "unable to substantiate the earnings figures" he had mentioned. S.A. 22. It additionally explained that it had "already complied with providing the information [it had] at the OPM office in Washington and unfortunately [had] no additional information to provide." S.A. 21. Indeed, Quesada then informed OPM that USAID had "refused to change the documents forwarded to OPM." S.A. 24; *see also* S.A. 20 (Quesada informing OPM that USAID did "not have anything more to inform OPM"). Even at the time of his eventual request for reconsideration, Quesada provided no new evidence. S.A. 27. Thus, Quesada has failed to show that his failure to timely request reconsideration was due to circumstances beyond his control. Under our standard of review, we must therefore *affirm*.

## CONCLUSION

We have considered Quesada's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.